CLD-240                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1900
_____

KURT SHAWN HANIEPH,
                                        Appellant

v.

HELEN J. MARBERRY, WARDEN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00231)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2010

Before:  BARRY, FISHER and GREENAWAY, JR., Circuit Judges.

(Filed: August 4, 2010)
_____

OPINION
_____

PER CURIAM

     In 1996, Kurt Hanieph was convicted in the District Court for the Eastern District

of Virginia of various drug trafficking offenses and sentenced to a 360-month term of

imprisonment.  After an unsuccessful direct appeal, in 1998, Hanieph filed in the Eastern

District of Virginia a motion under 28 U.S.C. § 2255, challenging his judgment of sentence. The District Court denied the motion. Several years later, in 2006, Hanieph filed with the Fourth Circuit Court of Appeals an unsuccessful application under 28 U.S.C. § 2244 to file a second or successive § 2255 motion.

In 2007, Hanieph filed in the District Court for the Western District of Pennsylvania[1] a petition under 28 U.S.C. § 2241, challenging the validity of his conviction and sentence. The District Court dismissed Hanieph's petition and he appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Hanieph is proceeding *in forma pauperis*, we must dismiss the appeal if it "lacks arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also 28 U.S.C. § 1915(e)(2). We exercise plenary review over the District Court's legal determinations and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A federal prisoner challenging the validity of his conviction or sentence must pursue collateral relief under § 2255 in the district court which imposed his sentence. See § 2255(a); Cradle, 290 F.3d at 538. "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained . . . ." Cradle, 290 F.3d at 538. Here, the District

---

[1]Hanieph is incarcerated at FCI-McKean, which is within the Western District.

Court reasoned that it lacked jurisdiction over Hanieph's § 2241 petition because: (1) he sought to challenge the validity of his conviction and sentence, and (2) failed to show that § 2255 prevented a fair adjudication of his claims. Hanieph does not contest that he sought to challenge the validity of his conviction and sentence. Rather, he argued that § 2255 was not an adequate or effective avenue for relief.

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, . . . or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. We have held § 2255 to be inadequate and ineffective when the conduct for which an individual was convicted is subsequently made non-criminal, and the petitioner is otherwise barred from filing a § 2255 motion. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). In such a situation, a petitioner may seek relief under § 2241. See id. Hanieph relied on the Supreme Court's decisions in Crawford v. Washington, 541 U.S. 36 (2004), and United States v. Booker, 543 U.S. 220 (2005), for the proposition that § 2255 is inadequate and ineffective in his case. Although those cases announced new rules of law, neither case decriminalized the conduct for which Hanieph was convicted. Moreover, neither case is retroactive on collateral review. See Whorton v. Bockting, 549 U.S. 406, 409 (2007)

3

(Crawford); <u>Lloyd v. United States</u>, 407 F.3d 608, 613-14 (3d Cir. 2005) (<u>Booker</u>). Thus,

Hanieph has failed to show that § 2255 is ineffective or inadequate as applied to his case.

Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2).

4